United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
William T. Smith  
    Debtor

Case No. 19-11306-mdc  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: TashaD     Page 1 of 1     Date Rcvd: May 27, 2020  
                   Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 29, 2020.  
db           +William T. Smith,   2645 Parma Road,   Philadelphia, PA 19131-2708

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                        TOTAL: 0

            ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 29, 2020                                                         Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 27, 2020 at the address(es) listed below:

        ANNE M. AARONSON    on behalf of Creditor    POLICE AND FIRE FEDERAL CREDIT UNION aaaronson@dilworthlaw.com, mdolan@dilworthlaw.com;cchapman-tomlin@dilworthlaw.com;mferrier@dilworthlaw.com  
        JASON BRETT SCHWARTZ    on behalf of Creditor    Portfolio Recovery Associates, LLC jschwartz@mesterschwartz.com  
        KEVIN G. MCDONALD    on behalf of Creditor    Government Loan Securitization Trust 2011-FV1 by U.S. Bank National Association, as Co-Trustee and U.S. Bank Trust National Association as Delaware Trustee bkgroup@kmllawgroup.com  
        MICHAEL A. CATALDO2    on behalf of Debtor William T. Smith ecf@ccpclaw.com, igotnotices@ccpclaw.com  
        MICHAEL A. CIBIK2    on behalf of Debtor William T. Smith ecf@ccpclaw.com, igotnotices@ccpclaw.com  
        PAMELA ELCHERT THURMOND    on behalf of Creditor    CITY OF PHILADELPHIA pamela.thurmond@phila.gov, karena.blaylock@phila.gov  
        REBECCA ANN SOLARZ    on behalf of Creditor    Government Loan securitization Trust 2011-FV1, U.S. Bank Trust National Association, Et Al... bkgroup@kmllawgroup.com  
        REBECCA ANN SOLARZ    on behalf of Creditor    Government Loan Securitization Trust 2011-FV1 by U.S. Bank National Association, as Co-Trustee and U.S. Bank Trust National Association as Delaware Trustee bkgroup@kmllawgroup.com  
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com  
        WILLIAM EDWARD CRAIG    on behalf of Creditor    Credit Acceptance Corporation ecfmail@mortoncraig.com, mhazlett@mortoncraig.com;mortoncraigecf@gmail.com  
                                                                                                                                                                                                                      TOTAL: 11

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| William T. Smith <br> _Debtor_ | CHAPTER 13 |
| Specialized Loan Servicing LLC, as servicer for Government Loan Securitization Trust 2011-FV1, U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware trustee and U.S. Bank National Association, not in its individual capacity but solely as Co-Trustee <br> _Movant_ <br> vs. | NO. 19-11306 MDC <br><br> 11 U.S.C. Section 362 |
| William T. Smith <br> _Debtor_ | |
| William C. Miller, Esquire <br> _Trustee_ | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,233.20** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September 2019 to March 2020 at $747.60/month |
| **Total Post-Petition Arrears** | **$5,233.20** |

2. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$5,233.20.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$5,233.20** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Further, Debtor and Movant have agreed to a forbearance agreement for the payments due for the months of April 1, 2020 through June 1, 2020, which may be subject to extension upon mutual agreement or applicable law.

4. Upon the expiration of the forbearance period on June 30, 2020 or as may be extended, Debtor shall make arrangements with Movant to address the payments covered by the forbearance period.

5. Regular payments shall resume on July 1, 2020 or upon the expiration of the forbearance period, whichever is later.

6. If the parties do not reach an agreement regarding the payments covered by the forbearance period within thirty (30) days of the expiration of the initial or extended forbearance period, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

7. If any of the regular monthly mortgage payments the come due after the expiration of the forbearance period are not made, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

8. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

9.  Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

10. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

11. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

12. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

13. The parties agree that a facsimile signature shall be considered an original signature.

Date:  May 7, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: May 22, 2020

s/Michael A. Cataldo
Michael A. Cataldo, Esquire
Attorney for Debtor

Date: 5/22/2020

/s/ LeeAne O. Huggins   No Objection Without Prejudice to Any
William C. Miller, Esquire    Trustee Rights or Remedies
Chapter 13 Trustee

Approved by the Court this 26th day of _____May_____, 2020. However, the court retains discretion regarding entry of any further order.

_____
Magdeline D. Coleman
Chief U.S. Bankruptcy Judge

NBS Specialized Loan Servinig, LLC